IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ROBERT G. CRALL, JR.,           )
                                )
            Plaintiff,          )
                                )
v.                              )       Case No.   11-1026-CV-W-ODS-SSA
                                )
MICHAEL J. ASTRUE               )
Commissioner of Social Security )
                                )
            Defendant.          )

**ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability and supplemental security income benefits. The Commissioner's decision is affirmed.

I. BACKGROUND

Plaintiff was born in December 1974 and has a high school education. Plaintiff was found to have prior work experience as a cable installer, retail sales clerk, cleaner, mechanic helper, car porter, and telephone operator supervisor. He alleges he became disabled in April 2010 due to a combination of a neck injury, left arm injury, and memory problems.[1]

The ALJ determined Plaintiff had not engaged in substantial gainful activity since April 20, 2010. R. 13. The ALJ also determined Plaintiff has the following severe medical impairments causing him more than minimal work-related limitations: disorders of the back, neck, and left upper extremity. However, the ALJ determined Plaintiff's condition did not meet or equal a listed impairment. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") as follows:

---

[1] Plaintiff initially alleged his onset date was in February 2009, but later amended the allegation.

The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he cannot perform repetitive movement of the neck; he cannot perform repetitive overhead lifting or reaching with his left arm; he cannot climb ladders, ropes or scaffolds; he needs a thirty-minute sit/stand option; he needs to work in a dry environment; and, due to memory loss, he is limited to simple, repetitive, routine work of SVP 2 or less.

R. 14.

Finally, the ALJ found that Plaintiff is unable to perform any past relevant work, but Plaintiff's impairments would not preclude him from performing work that exists in significant numbers in the national economy, including work as an order clerk, document preparer, and cutter/paster. The ALJ concluded that Plaintiff was not disabled.

The Court will not delve into the nature of Plaintiff's alleged physical and mental impairments because Plaintiff does not contest the ALJ's assessments regarding his physical and mental condition and the RFC. Plaintiff focuses his argument on an alleged conflict between the testimony of the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT") as it relates to the ability to alternate sitting and standing for sedentary work.

During the hearing, the ALJ examined the VE and posed several hypothetical questions that captured the consequences of Plaintiff's deficiencies, including a sit/stand option where the individual can stand for thirty minutes and sit for thirty minutes at his option, throughout an eight-hour day. R. 74-80. In response to this hypothetical, the VE testified that such an individual could perform work existing in the national economy, including an order clerk, document preparer, and cutter/paster. R. 76-77.

Plaintiff's sole argument can be summarized as follows: because the DOT does not specifically account for the need for a sit/stand option, the DOT description must bar such an accommodation, which results in an irreconcilable conflict with the VE testimony.

II. DISCUSSION

2

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991) (citing *Hutsell v. Sullivan*, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

Plaintiff contends the ALJ committed reversible error by failing to resolve an alleged conflict between the vocational expert's testimony and the DOT in violation of Social Security Ruling 00-4p. The alleged conflict regards the VE's testimony that a person with a certain RFC including the option to alternate sitting and standing every thirty minutes could perform work in significant numbers in the national economy.

Pursuant to Social Security Ruling 00-4p, occupational evidence provided by a VE generally should be consistent with the occupational information supplied by the DOT. Before relying on a VE's evidence to support a disability decision, the ALJ must identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by the VE and information from the DOT. SSR 00-4p. However, when there is a conflict, neither the DOT nor the VE evidence automatically trumps. SSR 00-4p; *see also Page v. Astrue*, 484 F.3d 1040, 1045 (8th Cir. 2007) ("[A] claimant's 'reliance on the DOT as a definitive authority on job requirements is misplaced' because 'DOT definitions are simply generic job descriptions that offer the approximate maximum requirements for each position, rather than their range.'") (quoting *Wheeler v. Apfel*, 224 F.3d 891, 897 (8th Cir. 2000)). The adjudicator must determine if the VE's explanation is reasonable and must provide a basis for relying on the VE and not the DOT information. SSR 00-4p.

3

Information about a particular job's requirements not listed in the DOT may be available from a VE's experience in job placement or career counseling. SSR 00-4p.

The Eighth Circuit, in *Reynolds v. Barnhart*, directly addressed the issue of whether VE testimony conflicted with the DOT. 36 Fed. App'x 575 (8th Cir. 2002) (per curium).[2] In *Reynolds*, a VE testified that due to pain in Plaintiff's lower back, she needed to alternate positions between sitting and standing approximately every half hour, but a person with the Plaintiff's restrictions could work in certain jobs. *Id.* at 576. Relying on the VE's testimony, the ALJ denied Plaintiff's claim for disability benefits. *Id.* On appeal, Plaintiff argued that the VE's testimony was in conflict with the DOT. *Id.* The Eighth Circuit affirmed Commissioner's decision after finding it was supported by substantial evidence in the record as a whole. *Id.* The court stated:

> [W]e see no conflict between the vocational expert's testimony and the DOT. It is true the Commissioner cannot rely on expert testimony that conflicts with the job classifications in the DOT unless there is evidence in the record to rebut those classifications. In this case, the vocational expert provided additional information about certain jobs listed in the DOT, namely, whether those jobs allowed workers to alternate between sitting and standing. The vocational expert's testimony did not contradict any information in the DOT; rather, it served as a supplement to that information.

*Id.* at 576 (internal citation omitted).

Having reviewed the record and the ALJ's written opinion, this Court finds substantial evidence to support the Commissioner's decision to deny benefits. Contrary to Plaintiff's argument, the Court sees no conflict between the VE's testimony and the DOT. Social Security Ruling 00-4p permits VE testimony to include information not listed in the DOT. Further, as the Eighth Circuit held in *Reynolds*, a VE's testimony may serve as a supplement to the DOT without being in conflict with it. The ALJ properly made an inquiry into whether any of the VE's testimony conflicted with the DOT. The VE testified

---

[2] Plaintiff's only authority is *Johnson v. Barnhart*, No. 04-3438-CV-W-HFS, 2006 WL 373896 (W.D. Mo. Feb. 16, 2006) for the proposition that there is an inconsistency between the DOT and the ALJ's restriction that Plaintiff had the ability to alternate his sitting/standing every thirty minutes while at work. *Johnson* was not even presented with the issue of whether there was a conflict between the VE's testimony and the DOT and this Court must follow Eighth Circuit precedent holding that a VE's testimony may supplement the DOT without contradicting it.

4

that there had been variations, and that she based those variations on her experience doing labor market surveys, providing job placement services, and observing jobs in the labor market. Social Security Ruling 00-4p specifically allows for the VE to testify to information about a particular job's requirements not listed in the DOT based on the VE's experience in job placement or career counseling. The ALJ was entitled to accept the VE's testimony and base his decision upon it.

### III. CONCLUSION

Because there is substantial evidence in the record to support the ALJ's decision, the Commissioner's final decision is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 11, 2012          UNITED STATES DISTRICT COURT